UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LILISA CANTON | ) | |
| | ) | Case Number |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | CIVIL COMPLAINT |
| | ) | |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC | ) | JURY TRIAL DEMANDED |
| A WHOLLY-OWNED | ) | |
| SUBSIDIARY OF PORTFOLIO | ) | |
| RECOVERY ASSOCIATES, INC. | ) | |
| | ) | |
| **Defendant** | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Lilisa Canton, by and through her undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.     Plaintiff, Lilisa Canton, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well relief from Invasion of Privacy by Intrusion Upon Seclusion.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant maintains a primary location in this District and conducts business within the Commonwealth.

## III. PARTIES

4. Plaintiff, Lilisa Canton, (hereafter, Plaintiff) is an adult natural person residing in Jacksonville, Florida 32259.

5. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Portfolio Recovery Associates, Inc., through its wholly-owned subsidiary, Portfolio Recovery Associates, LLC (hereafter, Defendant), purchases, manages and collects debts within the Commonwealth of Pennsylvania and the State of Florida with an office located at 1100 East Hector Street, Suite 250, West Conshohocken, PA 19428.

7. Defendant is a national debt collection company engaged in the collection of debts from consumers using the telephone and mail.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

10. In or around April, 2014, Plaintiff started to receive constant and continuous calls from Defendant's agent, "Jonathan", attempting to collect on a debt allegedly owed on a past due Providian Card account.

11. Plaintiff was said to owe a balance of $554.46.

12. During the initial call, the Plaintiff asked the Defendant's agent, "Jonathan", if the debt he was trying to collect was past the statute of limitations since it was over twelve (12) years old and had already come off of her credit reports.

13. Defendant's agent, "Jonathan", told the Plaintiff that none of that mattered and that he would still continue to call her to collect until she agreed to make payment arrangements.

14. "Jonathan's" calls did not relent until the Plaintiff agreed to allow the Defendant to automatically generate electronic post-dated checks at the beginning of each month in the amount of $92.41.

15. Payments were to continue until the balance was paid off in full.

16. On or about April 16, 2014, as agreed, the Plaintiff made her first payment in the amount of $92.41.

17. Plaintiff successfully made her monthly payments over the next three (3) months.

18. However, in or around July, 2014, the Plaintiff informed the Defendant that she was now going through a divorce and could no longer continue with the automatic payments from her checking account.

19. A male agent of the Defendant informed the Plaintiff that is was not possible to stop payments in the middle of an agreed upon settlement.

20. Defendant's agent continued further telling the Plaintiff that she had agreed to a payment arrangement and no matter what her circumstances, she was locked into that agreement.

21. Plaintiff was advised that the best that the Defendant could do for her was to change the due date of her payments from the beginning of the month until the end of the month.

22. Defendant's agent stated that he was sure that this would give the Plaintiff more time to have the necessary money in her account.

23. Despite Plaintiff's attempts to get the Defendant to stop the payment arrangement that was in place, Defendant's male agent refused to comply.

24. Since that time, the Defendant has attempted on three (3) separate occasions to withdrawal the monthly payment from Plaintiff's checking account.

25. Plaintiff had continued to receive daily calls from the Defendant to her home phone number.

26. Defendant's calls and voicemails are both live and automated and come with such frequency that the Plaintiff is forced at times to disconnect her phone.

27. Defendant has failed to send the Plaintiff anything in writing in regards to this matter, including a thirty (30) day validation notice, as well as anything confirming the payment arrangement that was entered into.

28. Defendant has also failed to inform the Plaintiff of her rights to dispute this debt within thirty (30) days of their initial contact.

29. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

30. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

31. At all times pertinent hereto, the Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

32. At all times pertinent hereto, the conduct of the Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## **COUNT I – FDCPA**

33. The above paragraphs are hereby incorporated herein by reference.

34. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

35. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information, including the failure to communicate that the debt is disputed |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

§§ 1692g: Failure to send the consumer a 30-day validation notice within five days of their initial communication

§§ 1692g(a)(3): Must state the right to dispute the debt within 30 days

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Portfolio Recovery Associates, LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

38. Florida further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Florida state law.

39. The Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

40. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

41. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

42. All acts of the Defendant were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a. Actual damages

    b. Statutory damages

    c. An award of reasonable attorney's fees and expenses and cost of suit; and

    d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date:  December 1, 2014**

**BY:  */s/  Brent F. Vullings bfv8435***
Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff
bvullings@vullingslaw.com